Thomas J. Vandeveld, III, State Bar No. 145510
VANDEVELD LAW OFFICES
P.O. Box 1764
Bonita, CA  91908-1764
Telephone:  (619) 232-5299
Facsimile:  (619) 475-6908
Electronic Mail: tomvlawyer@cox.net

Attorney for Plaintiff
KAREL SPIKES

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>        Plaintiff,<br><br>vs.<br><br>COURTNEY TIRE SERVICE, INC., doing business as COURTNEY TIRE SERVICE; DANIEL J. COURTNEY, Trustee of the Daniel J. Courtney Living Trust 12-20-12; and DOES 1 through 10, Inclusive,<br><br>        Defendants. | Case No.:  **'18CV0644 GPC MDD**<br><br>**CIVIL COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, KAREL SPIKES (hereinafter referred to as "Plaintiff"), files his Civil Complaint setting forth claims against Defendants, COURTNEY TIRE SERVICE, INC., doing business as COURTNEY TIRE SERVICE, ("COURTNEY TIRE"); DANIEL J. COURTNEY, Trustee of the Daniel J. Courtney Living Trust 12-20-12, ("COURTNEY TRUST"); and DOES 1 through 10, Inclusive and would show unto the Court the following:

## I.

## <u>JURISDICTION AND VENUE</u>

1.     This Court has original jurisdiction of this civil action pursuant to 28 USC Section 1331, 28 USC Sections 1343(a)(3) and 1343(a)(4) for claims arising under the Americans with Disabilities Act of 1990, 42 USC Sections 12101, et seq. and the Court's supplemental jurisdiction, 28 USC Section 1367.

2.     Venue in this Court is proper pursuant to 28 USC Sections 1391(b) and (c).

3.     Pursuant to 28 USC Section 1367(a), Plaintiff shall assert all causes of action based on state law, as plead in this complaint, under the supplemental jurisdiction of the federal court.  All the causes of action based on federal law and those based on state law, as herein stated, arose from a common nuclei of operative facts.  That is, Plaintiff was denied equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws and/or was injured due to violations of federal and state access laws.  The state actions of Plaintiff are so related to the federal actions that they form part of the same case or controversy.  The actions would ordinarily be expected to be tried in one judicial proceeding. Plaintiff also brings this action as a private attorney general under California law to enforce important rights of all similarly situated disabled persons. At all times stated herein, KAREL SPIKES acted as a private attorney general by and through his attorneys to enforce the Code of Federal Regulations and California law to ensure the public accommodation and appurtenances are accessible not only for himself, but for other persons with disabilities.

## II.

## THE PARTIES

4.     Defendant COURTNEY TIRE is, and at all times mentioned herein was, a fictitious entity, business, corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendant operates a shop which performs tire repair, replacement and other repairs, and is  known as Courtney Tire Service. Courtney Tire Service is located at 726 Broadway, Chula Vista, California, (hereinafter "the Subject Property"). The automotive repair shop is open to the public and are places of public accommodation. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property and/or the owner and/or operator

Civil Complaint
and Jury Demand

of the subject facilities located at the Subject Property.

5.     Plaintiff is informed and believes and thereon alleges that defendant COURTNEY TRUST is a fee owner of the real property and structures wherein COURTNEY TIRE operates.

6.     Defendants DOES 1 through 10 were at all times relevant herein subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principals, successors, joint venturers, co-owners, co-trustees, and/or representatives of COURTNEY TIRE, and/or COURTNEY TRUST.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities when ascertained. COURTNEY TIRE, COURTNEY TRUST, and DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

7.     Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representing partners, subsidiaries, parent companies, joint venturers and/or divisions of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein of each of the remaining Defendants.

8.     Plaintiff is an otherwise qualified individual with a disability as provided in the Americans with Disabilities Act of 1990, 42 USC Section 12102, Part 5.5 of the California Health & Safety Code and the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., the California Disabled Persons Act, Sections 54, et seq. and 55, and other statutory measures which refer to the protection of the rights of "physically disabled persons." Plaintiff visited the public accommodation owned and operated by Defendants for the purpose of availing himself of the goods, services,

Civil Complaint
and Jury Demand

and accommodations offered there to the general public. Plaintiff has visited the automotive repair shop and intends to continue to visit these places of public accommodation. Plaintiff has become aware of the inaccessibility of many of these places of public accommodations and visits and will continue in the future to visit these places of public accommodation for the purposes of having his vehicle repaired and/or otherwise using and enjoying the facility's accommodations, and to evaluate the facility's  accessibility to individuals with disabilities or to determine if other forms of discrimination exist. *Molski v. Price,* 224 F.R.D. 479 (C.D. Cal. 2004).

9.    Plaintiff is informed and believes and thereon alleges that the subject facility has been newly constructed and/or underwent remodeling, repairs, or alterations since 1971, and that Defendants have failed to comply with California access standards which applied at the time of each such new construction and/or alteration.

### III.

### FACTS

10.    Plaintiff has a mobility impairment and uses a wheelchair.  Moreover, Plaintiff has had a history of or has been classified as having a physical impairment, as required by 42 USC Section 12102(2)(A).

11.    On or about November 20, 2017, and at other times, continuing to the present, Plaintiff was and has been denied full and equal access to the facilities owned and/or operated by the Defendants because the property was inaccessible to members of the disabled community who use wheelchairs for mobility.  Said denial of full and equal access occurred because of barriers which included, but were not limited to lack of a van-accessible parking space and lack of an accessible path of travel to the goods and services offered by the places of public accommodation. Other violations of disabled access laws regarding accessible features may also exist at COURTNEY TIRE.  Plaintiff will amend this complaint to state these violations if learned during the course of this lawsuit.

Civil Complaint
and Jury Demand

12.     On the dates of Plaintiff's visit Plaintiff was in the neighborhood of the area of Broadway in Chula Vista to search for an accessible repair facility in order to have his vehicle repaired. Plaintiff is aware that numerous automotive repair and tire stores are located on or near Broadway in the City of Chula Vista. Plaintiff was unable to utilize the facility which is the subject of this Complaint because there are no accessible parking spaces. Plaintiff suffered legally cognizable injury including, but not limited to, difficulty, discomfort or embarrassment in accessing Defendants' place of public accommodation.

13.     Plaintiff was denied and has been denied full and equal access to the facilities owned and/or operated by the Defendants because the property was inaccessible to members of the disabled community who use wheelchairs for mobility.  Said denial of full and equal access occurred because of barriers which included, but were not limited to, inaccessible paths of travel, Plaintiff was also denied full and equal access because of discriminatory policies and practices regarding accommodating persons with disabilities. On the date of Plaintiff's visit he drove his vehicle into the parking lot but no employee came to greet him, nor were there any signs indicating that assistance was available.

14.     Plaintiff seeks any and all relief under federal law to remedy the unlawful barriers that exist at the Subject Property. Plaintiff also seeks damages under California law.

15.     The wrongful conduct of Defendants, unless and until enjoined by order of this Court, will cause great and irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facility in violation of the ADA Accessibility Guidelines and/or California's Title 24 Building Code requirements, and/or other applicable Codes, statutes and/or regulations.

16.     Plaintiff alleges that Defendants will continue to operate a public accommodation which is inaccessible to him and to other individuals with

Civil Complaint
and Jury Demand

disabilities.   Pursuant to 42 USC §12188(a), Defendants are required to remove architectural barriers to their existing facilities.   Defendants are also required to modify any discriminatory policies, practices and procedures to avoid discriminating against people with disabilities, including Plaintiff.

17.    Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately compensate him for the amount of harm suffered as a result of exclusion from participation in the economic and social life of this state.

18.    Plaintiff believes that architectural barriers, and discriminatory policies, practices and procedures, precluding him full and equal access of the public accommodation will continue to exist at his future visits, which will result in future discrimination of Plaintiff, in violation of the Americans with Disabilities Act. Plaintiff is currently being subjected to discrimination because Plaintiff cannot return to or make full and equal use of the facilities, goods and/or services offered by Defendants to the general public.  Plaintiff seeks damages for each and every day that he was denied access to the subject property or was deterred from attempting to attend the subject place of public accommodation because of continuing barriers to full and equal access.

**IV.**

**FIRST CLAIM FOR**
**VIOLATION OF AMERICAN WITH DISABILITIES ACT**
**42 USC §12101, et seq.**

19.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though set forth fully herein.

20.    Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC Section 12182(a).   Plaintiff was, therefore, subjected to discrimination and is entitled to

Civil Complaint
and Jury Demand

injunctive relief pursuant to 42 USC Section 12188 as a result of the actions or inaction of Defendants.

21.     Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations which exist at the property, requiring removal of architectural barriers and modification of policies, practices and procedures, and other relief the Court may deem proper.

22.     Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

## V.

## SECOND CLAIM FOR
## VIOLATION OF CALIFORNIA CIVIL CODE

23.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though set forth fully herein.

24.     Based on the facts plead hereinabove and elsewhere in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to and enjoyment of the subject facility and of Defendants' goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code Sections 51, et seq.,  and 54, et seq.

25.     Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code Sections 51, et seq., 52, et seq. and 54, et seq., and therefore he is entitled to injunctive relief remedying all such violations of California access laws and standards. Except that Plaintiff specifically does not request injunctive relief under California Civil Code section 55. In addition, he is entitled to damages under California Civil Code Section 54.3 for each offense.  The amount of damages suffered by Plaintiff is not yet determined.  When the amount is ascertained, he will ask the Court for leave to amend this complaint to reflect this amount.  Plaintiff is also entitled to attorneys' fees and costs.

Civil Complaint
and Jury Demand

26.     The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code Sections 51 et seq. and therefore Plaintiff is entitled to injunctive relief remedying all such violations of California access laws and standards. Except that Plaintiff specifically does not request injunctive relief under California Civil Code section 55. In addition, he is entitled to damages under California Civil Code Section 52 for each offense.  The amount of damages suffered by Plaintiff is not yet determined.  When the amount is ascertained, he will ask the Court for leave to amend this complaint to reflect this amount.  Plaintiff is also entitled to attorneys' fees and costs.

27.     The actions of Defendants in violation of the Unruh Civil Rights Act and California Civil Code Sections 51 et seq. were willful and with conscious, deliberate or reckless disregard for the rights of disabled persons such as Plaintiff and therefore Plaintiff is entitled to punitive and exemplary damages or treble damages pursuant to California Civil Code Sections 52, 54.3 and under common law principles.

28.     Plaintiff seeks all of the relief available to him under Civil Code Sections 51, 52, et seq., 54, 54.1, 54.2, 54.3,  and any other Civil Code Sections which provide relief for the discrimination suffered by Plaintiff, including damages and attorneys fees except that Plaintiff specifically does not seek any relief under California Civil Code section 55.

# VI.

## THIRD CLAIM FOR VIOLATION OF HEALTH AND SAFETY CODE §19955, ET SEQ.

29.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive, as though set forth fully herein.

30.     Defendants' facilities are public accommodations within the meaning of Health and Safety Code Sections 19955, et seq., and Plaintiff is informed and believes and thereon alleges that Defendants have newly built or altered the subject property

Civil Complaint
and Jury Demand

and/or the subject facility since 1971 within the meaning of California Health and Safety Code Section 19959. The aforementioned acts and omissions of Defendants constitute a denial of equal access to the use and enjoyment of the Defendants' facilities by people with disabilities.

31.     Defendants' failure to fulfill their duties to provide full and equal access to their facilities by people with disabilities has caused Plaintiff to suffer deprivation of his civil rights, as well as other injuries.

32.     As a result of Defendants' violations of Health and Safety Code Sections 19955, et seq., described herein, Plaintiff is entitled to injunctive relief pursuant to Health and Safety Code Sections 19953, and to reasonable attorney's fees and costs. Except that Plaintiff specifically does not request any relief under California Civil Code section 55.

## VII.

## FOURTH CLAIM FOR NEGLIGENCE PER SE

33.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32, inclusive, as though set forth fully herein.

34.     At all times relevant hereto, there was in effect the Americans with Disabilities Act, California Civil Code Sections 51, et seq., California Civil Code Sections 54, et seq., and California Health and Safety Code Sections 19955, et seq., all of which require that public accommodations and facilities provide services to people with disabilities which are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.

35.     Defendants owed Plaintiff a mandatory statutory duty to provide him full and equal access to accommodations, advantages, facilities, privileges and services of all business establishments. Plaintiff is a member of the class which these statutes are designed to protect.

36.     Defendants' acts or omissions alleged herein are a violation of statutory

Civil Complaint
and Jury Demand

requirements including, but not limited to, the Americans with Disabilities Act, California Civil Code Sections 51, et seq., California Civil Code Sections 54, et seq., and California Health and Safety Code Sections 19955, et seq., and public policy, and therefore constitute negligence per se.

37.   As a proximate result of the action or inaction of Defendants and each of them, Plaintiff suffered the harm these statutes are designed to prevent, to wit, exclusion from and/or unequal access to goods, services and facilities provided by Defendants to the general public, as well as other injuries.

38.   Plaintiff seeks special and general damages and statutory damages according to proof, as described more fully hereinabove.

## VIII.

## FIFTH CLAIM FOR NEGLIGENCE

39.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 38, inclusive, as though set forth fully herein.

40.   Defendants had a duty to exercise ordinary care, as set forth more specifically above.

41.   Defendants failed to exercise ordinary care, as set forth more specifically above.

42.   As an actual and proximate result of Defendants' failure to exercise ordinary care, Plaintiff suffered general and special damages, as described more fully hereinabove.

## IX.

## SIXTH CLAIM FOR DECLARATORY RELIEF

43.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 42, inclusive, as though set forth fully herein.

44.   An actual controversy now exists in that Plaintiff is informed and

Civil Complaint
and Jury Demand

believes and thereon alleges that Defendants' premises are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code Sections 51, et seq., Sections 52, et seq., Sections 54, et seq., Health and Safety Code Sections 19955, et seq., Government Code Sections 4450, et seq. and 7250, et seq., Title 24 of the California Code of Regulations, and/or Title III of the Americans with Disabilities Act and Accessibility Regulations.

45.     A declaratory judgment is necessary and appropriate at this time so that each of the parties may know their respective rights and duties and act accordingly.

**X.**

**SEVENTH CLAIM FOR INJUNCTIVE RELIEF**

46.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 45, inclusive, as though set forth fully herein.

47.     Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation, and/or to modify their policies, practices and procedures regarding accommodating of people with disabilities.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

48.     Plaintiff seeks injunctive relief pursuant to 42 U.S.C. §12188 and under any other statutory or common law remedies which allow for injunctive relief to redress his injuries, except that Plaintiff specifically does not seek relief under California Civil Code section 55.

**XI.**

**JURY DEMAND**

49.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants, COURTNEY TIRE SERVICE, INC., doing business as Courtney Tire Service;

Civil Complaint
and Jury Demand

DANIEL J. COURTNEY, Trustee of Daniel J. Courtney Living Trust 12-20-12; and DOES 1 through 10, Inclusive, as follows:

1.  An order enjoining Defendants from violating disabled access laws of the United States and of the State of California;

2.  That the Court declare the respective rights and duties of Plaintiff and Defendants as to the removal of architectural barriers at Defendants' public accommodation and/or as to the modification of discriminatory policies, practices and procedures;

3.  An order awarding Plaintiff actual, special and/or statutory damages for violation of his civil rights and for restitution including, but not limited to, $4,000 in damages for each and every offense in violation of Civil Code section 51, and/or $1,000 for each offense in violation of Civil Code section 54, et seq. , pursuant to the applicable Civil Code Sections including, but not limited to, Sections 52 and 54.3, or under any statute which provides for damages to include damages for each occasion on which Plaintiff was deterred from using the facility;

4.  An award of punitive and exemplary damages according to proof;

5.  An award of up to three times the amount of actual damages pursuant to the Unruh Civil Rights Act, but not less than $4,000 and/or the Disabled Persons Act, but not less than $1,000; and

6.  An order awarding Plaintiff reasonable attorneys' fees and costs;

7.  Such other and further relief as the Court deems proper.

DATED: March 29, 2018

s/Thomas J. Vandeveld III
THOMAS J. VANDEVELD, III
Electronic Mail: tomvlawyer@cox.net
Attorney for Plaintiff KAREL SPIKES

Civil Complaint
and Jury Demand